IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


WENDY C.,[1]

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 6:18-cv-00315-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

    Wendy C. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") on May 9, 2017. For the reasons that follow, the Court AFFIRMS the Commissioner's Decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## BACKGROUND

Plaintiff applied for DIB on September 24, 2014. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision on May 9, 2017. After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a timely complaint in this Court seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion

must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon a claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. At step two, the ALJ found that Plaintiff had the following severe limitations: "history of inguinal and femoral hernia repair and neuropathy (20 CFR 404.1520(c))." Tr. 57. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, occasionally crouch, and occasionally use foot controls with right dominant lower extremity.

Tr. 61. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a secretary and insurance clerk because the work did not require engaging in activities that were precluded by Plaintiff's RFC. Despite finding that Plaintiff could perform past relevant work, the ALJ also continued to assess Plaintiff's disability at step five and found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including photocopy machine operator, office helper, and cafeteria attendant. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (i) whether the ALJ improperly failed to account for Plaintiff's alleged mental impairments at step two of the sequential evaluation process and (ii) whether the ALJ improperly failed to find Plaintiff

disabled at step three of the sequential evaluation process. Each issue is addressed in turn below.

## I.     The ALJ's Step Two Analysis

Plaintiff argues that the ALJ failed to properly credit the evidence supporting a finding of disability at step two, and that the ALJ's assessment was "contradictory" in certain parts. The Commissioner argues that substantial evidence supports the ALJ's decision at step two.

A severe impairment is an impairment that significantly limits a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 404.1521, 404.1522. Basic work activities are the abilities and aptitudes necessary to do most jobs and include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1522(b). To satisfy step two, the severe impairment or combination of impairments also must meet the twelve-month duration requirement. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).

The ALJ did not err at step two. The principal problem with Plaintiff's argument is its failure to consider the Court's standard of review in social security appeals. Although Plaintiff provides her own view of the evidence, the Court cannot substitute its own judgement for the ALJ's. *Edlund*, 253 F.3d at 1156. And the Court

must uphold the ALJ's decision if the agency's path may reasonably be discerned. *Molina,* 674 F.3d at 1121. The ALJ didn't think that Plaintiff could establish the existence of a severe impairment and provided several justifications. For example, the ALJ found evidence of mental health treatment during the relevant period to be minimal and found Plaintiff's mental symptoms to only be causing mild limitations in functioning. Additionally, the record indicated that Plaintiff's anxiety symptoms were generally controlled with medication—Plaintiff even told a treating source her depression was stable with Prozac, and during a follow-up later that year, she reported no significant mental health symptoms.

Various other parts of Plaintiff's Opening Brief simply list summaries of Plaintiff's medical history to imply that the ALJ was contradicting himself or misreading the record. But a closer reading of the ALJ's opinion and the referenced portions of Plaintiff's medical history indicates that the ALJ's assessment was supported by substantial evidence and within his discretion. For example, Plaintiff takes issue with the ALJ's conclusion that Plaintiff did not see any mental health providers; she points to the fact that she saw a psychiatrist in 1998 and had six other psychiatric visits in 2013. But the 1998 visit is not relevant to her disability determination as of her disability onset date in 2012. *See Carmickle v. Comm'r of Soc. Sec.,* 533 F.3d 1155, 1165 (9th Cir. 2008); *see also Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir. 1989) (a medical report that predated plaintiff's disability onset date was relevant only as to plaintiff's burden of proving his condition has worsened since the date of the report). The ALJ noted that the six other visits were for medication

refills and for mild symptoms—the medical record simply doesn't establish a treating relationship inconsistent with the ALJ's assessment. That is, the ALJ concluded that Plaintiff's refills for medication prescribed prior to her disability onset date was not persuasive evidence of the disability she is alleging as of her disability onset date. This is not error.

Plaintiff also takes issue with the ALJ's determination that the record lacks evidence of further treatment for anxiety, depression, or insomnia for the three years following her alleged onset date. Plaintiff states that she saw Dr. Morgan for difficulty sleeping two years after her onset date, implying that the ALJ misread the record. But as the ALJ notes, these visits were for preexisting issues going back to 2004, and the record lacks evidence that her conditions have worsened or changed since then.

Additionally, the opinions of the state psychological consultants support the ALJ's finding of non-severe mental impairments. For example, Scott Kaper, Ph.D., reviewed Plaintiff's medical file and opined that Plaintiff's affective disorder/anxiety disorder caused no limitation in her activities of daily living or social functioning, mild limitation in her concentration, persistence, or pace, and no repeated episodes of decompensation. A subsequent review by Dorothy Anderson, Ph.D., further indicated no severe mental impairments because she found that Plaintiff's affective disorder/anxiety disorder caused mild limitation in her activities of daily living and social functioning, among other things. The ALJ gave significant weight to the opinions of Drs. Kaper and Anderson, finding them consistent with Plaintiff's

conservative treatment history, stable medication history, and lack of consistently reported mental health symptoms throughout the record. Thus, the ALJ did not err at step two.

## II.    The ALJ's Step Three Analysis

Plaintiff further argues that the ALJ erred by not finding Plaintiff to be presumptively disabled at step three. Specifically, Plaintiff argues that she meets the requirements of establishing an anxiety and obsessive-compulsive disorder under Listing 12.06—*i.e.*, that she meets the requirements of 12.06(A)(1) and (C).

A claimant must establish that she met or equaled all of the relevant medical criteria of a listing for the applicable duration. *See Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995) (explaining in order to prove disability at step three, claimant must "make out a case both that she has an impairment listed in the regulations, and that she has met the [twelve month] duration requirement"). In order to satisfy Listing 12.06, the claimant must satisfy the criteria in Paragraph A and B, or A and C. *See* 20 C.F.R. pt. 404 Subpt. P, App. 1, § 12.06; *Frost v. Barnhart*, 314 F.3d 359, 367–68 (9th Cir. 2002). Plaintiff claims she meets subpart A and C of Listing 12.06. Listing 12.06 requires a claimant, in relevant part, to show the following:

A. Medical documentation of the requirements of paragraph 1, 2, or 3:

    1. Anxiety disorder, characterized by three or more of the following;
    a. Restlessness;
    b. Easily fatigued;
    c. Difficulty concentrating;
    d. Irritability;
    e. Muscle tension; or
    f. Sleep disturbance.       ****

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (*see* 12.00G2b); and

    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (*see* 12.00G2c).

20 C.F.R. pt. 404, subpt. P, app'x 1, § 12.06(A)(1), (C).

Here, Plaintiff's argument suffers from the same flaw as her argument in Section I. Namely, she simply provides her own interpretation of the evidence rather than explaining why the ALJ's assessment falls short of the applicable legal standard. Nevertheless, the medical evidence does not show that she met the criteria for Listing 12.06.

The ALJ found that her medical history failed to show a level of symptom severity necessary for finding her to be presumptively disabled. For example, the ALJ noted that Plaintiff's mental impairments caused no more than mild limitations. Plaintiff largely showed normal memory and cognitive abilities and pointed to Plaintiff's ability to work as a merchandiser and trainer. She can also engage in normal activities such as driving, cooking, filling out reports, caring for pets, and managing her finances. Furthermore, there is no evidence to suggest that Plaintiff met the requirements of Listing 12.06(C) because the record does not show a minimal capacity to adapt to environmental changes or to demands outside of her daily routine. For instance, she did not show an inability to function without "substantial

psychosocial supports." The record shows that she worked two jobs part-time and largely stayed on the same psychotropic medication she had taken for years prior to her alleged disability onset date. While Plaintiff states that she over-stated the hours she is able to work, there is no evidence that her now corrected representation would enable her to meet the stringent "minimal capacity to adapt" requirement of 12.06(C).

Plaintiff points to Dr. Morris's testimony that Plaintiff is unable to engage in work-like activities consistent with the requirements of 12.06(C) but the ALJ rightly discounted Dr. Morris's testimony for several reasons.

The ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts,* 66 F.3d at 184.

Here, Dr. Morris was only an examining physician that met with Plaintiff on one occasion. Dr. Morris simply found that it would be reasonable to conclude that

Plaintiff had limitations in conducting work-like activities. But the ALJ found that Dr. Morris's opinion was largely based on Plaintiff's unreliable subjective reports. It was rendered after a one-time examination and inconsistent with both Dr. Morris's own observations and with Plaintiff's medical records from Plaintiff's previous treatment providers. For instance, the ALJ noted that Dr. Morris adopted the claimant's statements directly into his medical opinion even though it was Plaintiff's first appointment with him. And his opinion was also not informed by longitudinal treatment history or objective evidence to support the opinion. Thus, the ALJ did not err in discounting Dr. Morris's opinion.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 3ʳᵈ day of April, 2019.

_____
Ann Aiken
United States District Judge